```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

ELIZABETH SALATA,              )
                               )
                 Plaintiff,    )
                               )
      v.                       )    No.  08 C 7448
                               )
CITY OF BERWYN, et al.,        )
                               )
                 Defendants.   )
```

## MEMORANDUM ORDER

Counsel representing defendant City of Berwyn ("Berwyn") and different counsel representing the two members of its police force who are joined as co-defendants have tendered separate motions seeking their dismissal from this action brought against them by Elizabeth Salata ("Salata"), with Berwyn's motion noticed up for presentment at today's previously-scheduled status hearing and the police defendants' motion set for presentment on February 24. But each motion flouts fundamental principles that really should be known to any lawyer with a modicum of federal court experience--and that makes the motion on Berwyn's behalf doubly surprising, coming as it does from a law firm with extensive involvement in the federal practice.[1]

Even apart from those flaws, which will be dealt with after this paragraph, Berwyn's lawyer mistakenly charges this Court with a lack of jurisdiction over the subject matter, so as

---

[1] This Court lacks comparable awareness as to the extent to which the firm representing the police defendants is accustomed to practicing in the federal system.

purportedly to bring Fed. R. Civ. P. ("Rule") 12(b)(1) into play. That notion reflects a totally skewed view of subject matter jurisdiction, and counsel would do well to return to the books on that subject.

But to turn to the effort by Berwyn's counsel to call upon Rule 12(b)(6) rather than Rule 12(b)(1) for dismissal, one of counsel's two basic errors in that respect is in failing to recognize the import of the Complaint's express citation of 28 U.S.C. §1367 as the basis for Berwyn's joinder as a defendant. Here is Complaint ¶3:

> Defendant City of Berwyn is an Illinois municipal corporation joined in this action pursuant to 28 U.S.C. §1367; plaintiff does not assert any federal claim against the City.

By definition, then, counsel's references to 42 U.S.C. §1983 and Monell principles as predicates for dismissal are a non-starter. Salata is necessarily suing Berwyn under state law, which unlike Monell and its progeny imposes respondeat superior liability on a municipality such as Berwyn.

As for the second flaw in Berwyn's motion, that stems from the teaching of NAACP v. American Family Mut. Ins. Co., 978 F.2d 287, 291-93 (7th Cir. 1992) and like cases, which make it plain that for Rule 12(b)(6) purposes it does not matter whether a pleader places any label--or even the wrong label--on his or her claim or claims. But having said that, this Court recognizes a defect in the Complaint as well: Salata's experienced counsel

2

has gone too far in what is otherwise a commendable effort to adhere to the mandate of Rule 8(a)(2) that requires of a complaint that it simply contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Having satisfied that provision, Salata's counsel has inexplicably ignored Rule 8(a)(3), which states that a complaint must also contain "a demand for the relief sought." Instead the reader is impermissibly left to draw an inference from Complaint ¶3, for the Complaint's prayer for relief is totally silent as to Berwyn. Moreover, Salata's counsel would be better advised to flesh out the Complaint a bit by indicating the premise for Berwyn's state law liability, even in the non-complex manner called for by the principles of notice pleading.

To return to defense counsel's failings, in this instance on the part of the police defendants' counsel, the same principles that have been articulated in NAACP and its progeny torpedo the motion by those defendants, a motion that--after quoting Complaint ¶13's allegation that Salata was deprived of rights under the Fourth and Fourteenth Amendments--advances this untenable argument (Mem. at 2):

> It is impossible for Defendants to determine which officer is accused of violating which Amendment. As such, the Defendants cannot be expected to provide an answer. The Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for it [sic] failure to state a clam [sic] upon which relief can be granted.

That is simply absurd, for Complaint ¶¶6 through 11 plainly set

3

out the alleged violations of Salata's constitutional rights respectively committed by each defendant. In candor, if the police defendants' counsel cannot divine from those specific allegations just which constitutional provisions are implicated,[2] her clients may need to look elsewhere for adequate representation.

In sum, it is expected that at today's presentment date Salata's counsel will specify a short date for his filing of an Amended Complaint (something to which he is entitled as a matter of right under Rule 15(a)). This Court will deny both defense motions and will specify a date for the filing of answers to the Amended Complaint (and not a motion) by Berwyn and its officers.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 19, 2009

---

[2] Remember that under NAACP and like cases, an identification of the constitutional provisions themselves is really unnecessary to satisfy Rule 12(b)(6) in any event.