IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

ELIZABETH SALATA,                )
                                 )
                Plaintiff,       )
                                 )
    v.                           )    No.  08 C 7448
                                 )
CITY OF BERWYN, et al.,          )
                                 )
                Defendants.      )

                   MEMORANDUM OPINION AND ORDER

    Defense counsel for two members of the City of Berwyn police force have filed a purported Answer and Affirmative Defenses to the 42 U.S.C. §1983 action brought against them by Elizabeth Salata.  Because of the extraordinary deficiencies contained in that responsive pleading, this sua sponte memorandum opinion and order is issued to send counsel back to the drawing board.

    It is not as though there was any absence of fair warning of the nature of such deficiencies to defense counsel.  Here is the first substantive paragraph in this Court's website:

> Because of widespread inattention by counsel filing responsive pleadings to a number of fundamental principles of federal pleading, Judge Shadur has had occasion to issue an Appendix to the opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001) addressing a number of the most-often-repeated errors.  Every defense counsel is ordered to review State Farm BEFORE filing any responsive pleading.  Responsive pleadings that reflect any material violations of the principles set out in the State Farm Appendix may result in the imposition of appropriate fines against counsel for violation of this order.

    Answer ¶¶3, 4, 5 and 11 run afoul (in more than one respect)

of the matters adverted to in App'x ¶¶1 and 2 to State Farm. In addition, when defense counsel file the amended pleading required here, they must omit "and therefore denies same" after they have properly invoked Fed. R. Civ. P. ("Rule") 8(b)(5)--if defendants do indeed lack knowledge or information sufficient to form a belief as to the truth of an allegation, it is oxymoronic for them to deny that same allegation.

Next, the "General Denial" contained in the current pleading is meaningless and is therefore stricken. When a pleader has addressed every allegation in a complaint, there is no occasion for adding suspenders to that responsive belt to hold the pleading up.

Finally, the stated Affirmative Defense ("AD") that follows the Answer runs afoul of App'x ¶5 to State Farm. When Salata's allegations are accepted as true, as Rule 8(c) requires for affirmative defense purposes, there is no room for a qualified immunity defense. That AD is stricken as well.

To facilitate an informed review of defendants' answer as and when it is rewritten, the entire present responsive pleading is stricken, without prejudice of course to the filing of a corrected version on or before April 13, 2009. In accordance with the earlier-referred-to warning on this Court's website, defense counsel are fined $100, to be paid to the Clerk of this District Court. Lastly, defense counsel are ordered (1) to make

no charge to their clients for the time and expense involved in correcting counsel's errors, (2) not to seek or obtain reimbursement from their clients for the fine imposed here and (3) to send a letter to the clients (with a copy transmitted to this Court for information only, not for filing) advising that a corrected pleading has been filed without charge to the clients.

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 30, 2009